# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM L. BURRIS,<br><br>                Plaintiff,<br><br>      v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>             Defendant. | Case No. SACV 09-01313-JEM<br><br>MEMORANDUM OPINION AND ORDER<br>REVERSING DECISION OF<br>COMMISSIONER OF SOCIAL SECURITY<br>AND REMANDING FOR FURTHER<br>PROCEEDINGS |

## PROCEEDINGS

On November 16, 2009, Kim L. Burris ("Plaintiff" or "Claimant" or "Burris") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's Title II application for a period of Social Security disability and disability insurance benefits.  The Commissioner filed an Answer on June 3, 2010.  On July 27, 2010, the parties filed a Joint Stipulation ("JS").

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the Magistrate Judge.  The matter is now ready for decision.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be reversed and remanded for further proceedings in accordance with law and with this Memorandum and Order.

**BACKGROUND**

Plaintiff is a 50 year old female who was determined to have the medically determinable severe impairment of schizoaffective disorder.  (AR 29.)  Plaintiff has not engaged in substantial gainful activity since December 1, 2005, the alleged onset date.  (AR 29.)

Plaintiff's claim was denied initially on July 30, 2007, and on reconsideration on October 10, 2007.  (AR 27.)  Claimant filed a timely request for hearing, which was held on December 9, 2008, in Orange, California, before Administrative Law Judge ("ALJ") Charles Stevenson.  (AR 27.)  Claimant appeared and testified and was represented by counsel.  (AR 27.)  Also appearing and testifying were Willy Garrett, Ms. Burris' friend, and Susan Allison, a vocational expert.  (AR 27.)

On June 1, 2009, ALJ issued an unfavorable decision.  (AR 27-35.)  The Appeals Council denied Ms. Burris' request for review on September 25, 2009.  (AR 1-4.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the only disputed issue that Plaintiff raises as a ground for reversal is as follows:

1.  Whether the ALJ properly considered the examining physician's opinion.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error.  Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (whether ALJ's disability determination is supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla' . . . but less than a preponderance."  Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a

1  reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S.

2  at 401 (internal quotations and citation omitted).

3       This Court must review the record as a whole and consider adverse as well as

4  supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

5  Where evidence is susceptible to more than one rational interpretation, the ALJ's decision

6  must be upheld. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). "However, a

7  reviewing court must consider the entire record as a whole and may not affirm simply by

8  isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting

9  Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d

10  625, 630 (9th Cir. 2007).

11  **SEQUENTIAL EVALUATION**

12       The Social Security Act defines disability as the "inability to engage in any substantial

13  gainful activity by reason of any medically determinable physical or mental impairment

14  which can be expected to result in death or . . . can be expected to last for a continuous

15  period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The

16  Commissioner has established a five-step sequential process to determine whether a

17  claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

18       The first step is to determine whether the claimant is presently engaging in

19  substantially gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the

20  claimant is engaging in substantially gainful activity, disability benefits will be denied.

21  Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the

22  claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746.

23  Third, the ALJ must determine whether the impairment is listed, or equivalent to an

24  impairment listed, in Appendix I of the regulations. Id. If the impediment meets or equals

25  one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at

26  141. Fourth, the ALJ must determine whether the impairment prevents the claimant from

27  doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before

28

making the step four determination, the ALJ first must determine the claimant's RFC.  20 C.F.R. § 416.920(e).  The RFC must consider all of the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.  If the claimant cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant can perform other gainful activity.  Lounsbury v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  Id.

## PLAINTIFF'S MENTAL IMPAIRMENT
## AND THE ALJ DECISION

Plaintiff has suffered from mental illness and been on psychiatric medications for the last 20 years.  (AR 31, 44, 244, 265.)  She has been diagnosed with schizoaffective disorder.  (AR 243, 247, 253.)  She has paranoia, psychosis, auditory hallucinations, and is delusional.  (AR 31, 42, 243, 247, 265.)  She has been hospitalized numerous times and has been receiving outpatient mental health treatment at UC Irvine Medical Center.  (AR 44, 244, 265.)  She takes Seroquel, which recently was increased to 1,000 mg.  (AR 47, 247, 265.)

Plaintiff has had difficulty holding a job because of her symptoms and her behavior.  (AR 31, 243.)  She has had five or six different jobs over the past five years.  (AR 31, 265.)

She was fired from her last job as a receptionist because she talked to herself out loud.  (AR 40.)

The ALJ determined that Plaintiff's severe impairment of schizoaffective disorder did not meet or equal a listed impairment.  (AR 29-33.)  The ALJ assessed Plaintiff with a mental RFC to perform a full range of work at all exertional levels "but with the following nonexertional limitations: she is able to perform work in a non-public environment with insignificant (at most) public contact."  (AR 33.)

The ALJ found at step four of the sequential process that Claimant is unable to perform her past relevant work as a receptionist/file clerk.  (AR 34.)  The ALJ, however, determined at step five that Claimant could perform other jobs that exist in significant numbers in the national economy, such as plastic parts assembler helper and office helper.  (AR 34-35, 52-53.)  Thus, the ALJ concluded that Ms. Burris is not disabled within the meaning of the Social Security Act.  (AR 35.)

**THE ALJ'S RFC ASSESSMENT WAS ERRONEOUS**

The ALJ's decision must be reversed because the ALJ ignored and effectively rejected the examining physician's mental RFC opinions without providing clear and convincing or specific legitimate reasons for doing so.  His reliance on the nontreating, nonexamining physician's RFC, which was not substantial evidence, was in error.   As a result, the ALJ's RFC assessment and his step five vocational determination are unsupported by substantial evidence.

The ALJ's mental RFC for Plaintiff is deficient in several respects.  First, the ALJ's RFC is conclusory and barely more than a page.  (AR 33-34.)  There is no discussion in the RFC section of the ALJ's decision of the extensive report of consulting psychiatric examiner Dr. Sohini Parikh (AR 242-48).

Second, the ALJ did not incorporate into his RFC the limitations imposed by State agency reviewing physician Dr. Kevin Gregg that Plaintiff is able "to sustain only NP SRTs" ("nonpublic simple repetitive tasks").  (AR 260, 263.)  The Commissioner asserts that there

must have been a typographical error in omitting the SRT limitation.  (JS 10.)  This certainly is possible but the ALJ decision does state, "While normally ample weight is given to the DDS evaluators' and reviewers' opinions, to the extent that they disagree with the findings herein, they did not have the benefit of the most recent records in this matter, nor of the testimony at the hearing."  (AR 34.)  The ALJ's RFC determination on its face is erroneous because no medical evidence supports the insignificant limitation imposed.

Third, the ALJ's RFC assessment ignores without comment and effectively rejects Dr. Parikh's opinions on Plaintiff's ability to work.  This was error.  An examining physician's opinion, if uncontradicted, cannot be rejected without clear and convincing evidence and, even if contradicted, can be rejected only for specific and legitimate reasons supported by substantial evidence in the record.  Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995).

Dr. Parikh made the following work-related assessments:

4.  There are repeated episodes of moderate emotional deterioration in work-like situations.

5.  The claimant's ability to understand, carry out and remember simple instructions is not impaired.

6.  The claimant's [sic] ability to understand, carry out, and remember complex instructions is moderately impaired.

7.  The claimant's response to co-workers, supervisors, and the general public is moderately impaired.

8.  The claimant's ability to respond appropriately to usual work situations is moderately impaired.

9.  The claimant's ability to deal with changes in a routine work setting is moderately impaired.

(AR 247-48.)  Limitations 4, 7, 8, and 9 are not incorporated in or accounted for in the ALJ's RFC.

6

1    The Commissioner asserts that the ALJ did consider Dr. Parikh's opinions at step two

2   of the sequential process, but his opinions were addressed only to the severity of Plaintiff's

3   mental impairment . (JS 9-10, AR 30.)  The Commissioner further asserts that Dr.  Parikh

4   did not provide any opinion regarding Plaintiff's more specific functional limitations.  (JS 10.)

5    This argument has no merit.  Dr. Parikh's opinion goes beyond social functioning,

6   daily activities, and concentration, persistence and pace, the "B" requirements that are

7   considered at step two.  See 20 C.F.R., Pt. 404, Subpt. P, App. I, §§ 12.00C; 12.04.  To be

8   sure, Dr. Parikh addressed these general areas of functioning in his opinions 1 through 3,[1]

9   but opinions 4-9 set out above are not "B" considerations.  They are work-related

10   assessments that are specific functional limitations relevant to Plaintiff's RFC.  Were there

11   any doubt about it, the State reviewing physician in his mental RFC assessment addresses

12   many of the same considerations as set forth in Dr. Parikh's opinions 5-9.  (AR 261-62.)

13    Episodes of decompensation is also a part "B" requirement but requires three

14   episodes within a year, each lasting for at least three weeks.  See § 12.00C4.  Plaintiff's

15   hospitalizations were years ago; she would not meet the current durational requirement,

16   which in any event is not necessarily job related.  (AR 258.)  Dr. Parikh's fourth opinion,

17   however, addressed something else, i.e., Plaintiff's episodes of moderate emotional

18   deterioration in the workplace.  This was a crucial vocational consideration in this case in

19   view of Plaintiff's unsuccessful job history.

20    The ALJ cannot simply ignore Dr. Parikh's RFC opinions because they were not

21   expressed on a check box form.  Dr. Parikh was an examining physician and his RFC

23    [1] Dr. Parikh's B opinions were:

25    1.  There are no mental restrictions in the claimant's daily activities.
    2.  There are moderate mental difficulties in maintaining social functioning.
    3.  The claimant's concentration, persistence and pace are not impaired.

27   (AR 247.)

opinions were central here.  Indeed, the regulations say, "The determination of mental RFC is crucial to the evaluation of your capacity to do SGA when your impairment(s) do not meet or equal the criteria of the listings, but is nevertheless severe." § 12.00A.  A consulting examiner is supposed to address work-related activities.  20 C.F.R § 404.1519(c)(6).  If there was any doubt that Dr. Parikh failed to address Plaintiff's RFC fully, the ALJ should have recontacted him and developed the record more fully.[2]

The Commissioner tries to salvage his position by asserting harmless error.  See Carmichael v. Comm'n Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008) (harmless error is error inconsequential to the non-disability determination because substantial evidence supporting that determination remains despite the error).  He argues that the ALJ expressed Dr. Parikh's limitations in his hypothetical question to the vocational expert.

The record, however, belies that contention.  The question posed to the vocational expert was as follows:

> Q.  Assume no exertional restrictions.  Assume sedentary - - not assume sedentary.  Assume simple repetitive tasks.  Assume a nonpublic environment, and the definition there would be no significant general public contact.  Incidental general public contact is okay.  Would there be - - that

---

[2]  In Social Security cases, the ALJ has a special, independent duty to develop the record fully and fairly and to assure that the claimant's interests are considered. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001); Smolen, 80 F.3d at 1288; Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). The ALJ has a basic duty to inform himself about facts relevant to his decision. Heckler v. Campbell, 461 U.S. 458, 471 n.1 (1983) (Brennan, J., concurring). The ALJ's duty to develop the record exists even when the claimant is represented by counsel. Tonapetyan, 242 F.3d at 1150. The ALJ's duty is heightened when (as is the case here) the claimant is mentally ill. Id.

Ambiguous evidence or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence triggers the ALJ's duty to conduct an appropriate inquiry. Smolen, 80 F.3d at 1288; Tonapetyan, 242 F.3d at 1150. The ALJ may discharge this duty by subpoenaing the claimant's physicians, submitting questions to them, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record. Smolen, 80 F.3d at 1288; Tonapetyan, 242 F.3d at 1150.

1        would exclude - - the SRT would exclude the work you gave me.  Would

2        there be other work that could be done?

3             A.  Yes.

4  (AR 52.)

5        Quite plainly, the hypothetical question does not incorporate or take into account

6  Dr. Parikh's work-related functional limitations, specifically opinions 4, 7, 8, and 9.  There is

7  nothing in the hypothetical about emotional deterioration in the workplace, inability to get

8  along with co-workers or moderate difficulties in responding to usual work situations and to

9  changes in the work setting.  The ALJ does not discuss opinions 4, 7, 8, and 9 or provide

10  clear and convincing or specific, legitimate reasons for rejecting them.

11        As the Commissioner himself observes, the limitations in the question to the

12  vocational expert are the same limitations opined by the State agency reviewing physician,

13  Dr. Gregg.  (JS 10, AR 253, 263.)  This was the basis for the Commissioner's contention

14  that the ALJ's omission of a SRT limitation was inadvertent.  The ALJ obviously adopted Dr.

15  Gregg's opinions.  The ALJ's RFC is based on Dr. Gregg's opinions.  Any overlap with Dr.

16  Parikh's opinions such as opinions 5 and 6 was purely accidental.

17        The ALJ's RFC necessarily is a rejection of Dr. Parikh's opinions.  Dr. Gregg

18  was fully aware of Dr. Parikh's opinions.  (AR 265.)  Dr. Gregg did not embrace Dr. Parikh's

19  opinions and effectively rejected them.  He plainly disagreed as to inability to get along with

20  co-workers.  (AR 212.)  By accepting Dr. Gregg's RFC, the ALJ rejected Dr. Parikh's

21  opinions.

22        This was error for two reasons.  First, the opinion of an examining physician like

23  Dr. Parikh carries greater weight than the opinion of a nonexamining physician like

24  Dr. Gregg.  Lester, 81 F.3d at 830.  The opinion of an examining physician can be rejected,

25  when contradicted, only with specific legitimate reasons supported by substantial evidence

26  in the record.  Id. at 830-31.  Dr. Gregg provides no reasons at all for rejecting Dr. Parikh's

27  opinions.  His report is simply a check box Mental RFC assessment with a SRT conclusion.

28

1   There is no analysis.  The ALJ also fails to provide any analysis or to proffer any specific,

2   legitimate reasons for not accepting Dr. Parikh's opinions, particularly opinion 4 (emotional

3   deterioration in the workplace).  On this record, Dr. Parikh's opinions must be accepted.

4   The ALJ improperly rejected his opinions.

5          Second, Dr. Gregg is a nonexamining physician.  His opinions alone cannot be

6   substantial evidence for purposes of rejecting an examining physician's opinion; there must

7   be other evidence or reasons cited to support rejection of Dr. Parikh's opinions.   Id. at 831.

8   Here, no reasons were given for rejecting Dr. Parikh's opinions by Dr. Gregg, the ALJ or the

9   Commissioner.  Dr. Gregg's RFC opinions are not substantial evidence.  The ALJ's RFC,

10  then, is not only unsupported by substantial evidence but contrary to the medical evidence

11  of record, namely Dr. Parikh's RFC opinions.  The error in not discussing Dr. Parikh's

12  opinions was not harmless.  It was fatal.

**ORDER**

14         IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the

15  Commissioner of Social Security and remanding the case for further proceedings in

16  accordance with law and with this Memorandum and Order.

17         LET JUDGMENT BE ENTERED ACCORDINGLY.

19  DATED: January 7, 2011                              /s/ John E. McDermott
                                                  JOHN E. MCDERMOTT
20                                         UNITED STATES MAGISTRATE JUDGE

10